LEXINGTON LAW GROUP
Mark N. Todzo, State Bar No. 168389
Meredyth Merrow, State Bar No. 328337
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
mmerrow@lexlawgroup.com

Attorneys for Plaintiff DAVID AMBROSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AMBROSE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 3:20-cv-04009-EMC<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Date: September 2, 2021<br>Time: 1:30 p.m.<br>Location: Courtroom 5<br>Judge: Hon Edward M. Chen |

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

    I.    FACTUAL BACKGROUND ................................................................................. 1

    II.    PROCEDURAL HISTORY .................................................................................... 2

        A.    The Litigation ............................................................................................. 2

        B.    Settlement Negotiations. ............................................................................ 2

    III.    THE PROPOSED SETTLEMENT ......................................................................... 3

        A.    Benefit to Plaintiff and the Class ............................................................... 3

        B.    Release of Plaintiff's Claims. ..................................................................... 3

        C.    Certification of the Class for Settlement Purposes. ................................... 4

        D.    Payment of Plaintiff's Reasonable Attorneys' Fees and Litigation Costs, and Service Awards to the Plaintiff. ............................................... 4

ARGUMENT ........................................................................................................................... 4

    I.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT. ...................................................................................................... 4

        A.    The Applicable Legal Standard. ................................................................ 5

        B.    This Settlement Is the Product of Serious, Informed and Arm's-Length Negotiations. ................................................................................. 6

        C.    The Settlement Has No "Obvious Deficiencies" and Treats No Members of the Class Preferentially. ........................................................ 6

        D.    The Settlement Falls Within the Range of Possible Approval. ................. 7

    II.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE. ..................................................................................................... 8

    III.    SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE. .............. 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Churchill Village, L.L.C. v. General Elec.*,
    361 F.3d 566 (9th Cir. 2004) ............................................................................................... 5

*DL v. District of Columbia*,
    302 F.R.D. 1 (D.D.C. 2013) .................................................................................................. 7

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ............................................................................................... 9

*Glass v. UBS Fin. Servs., Inc.*,
    No. 06–4068, 2007 WL 221862, (N.D. Cal. Jan. 26, 2007) ................................................. 6

*Green v. Am. Express Co.*,
    200 F.R.D. 211 (S.D.N.Y. 2001) .......................................................................................... 7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................. 5

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................................... 5

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................... 6

*Jermyn v. Best Buy Stores, L.P.*,
    No. 08 Civ. 214 CM, 2012 WL 2505644 (S.D.N.Y. June 27, 2012) .................................... 7

*Lilly v. Jamba Juice Co.*,
    2015 U.S. Dist. LEXIS 34498 (N.D. Cal. Mar. 18, 2015) ................................................... 7

*Lilly v. Jamba Juice Co.*,
    2015 U.S. LEXIS 58451 (N.D. Cal. May 1, 2015) .............................................................. 8

*Linquist v. Bowen*,
    633 F. Supp. 846 (W.D. Mo. 1986) ..................................................................................... 7

*Natl. Rural Telecomm. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ......................................................................................... 6

*Penland v. Warren Cty. Jail*,
    797 F.2d 332 (6th Cir. 1986) ............................................................................................... 7

*Rael v. Children's Place, Inc.*,
    No. 3:16-CV-00370-GPC-LL, 2020 WL 434482 (S.D. Cal. Jan. 28, 2020) ........................ 5

*Relente v. Viator, Inc.*,
    No. 12-CV-05868-JD, 2015 WL 3613713 (N.D. Cal. June 9, 2015) .................................. 8

*Stathakos v. Columbia Sportswear Co.*
    2018 U.S. Dist. LEXIS 17138 (N.D. Cal. Jan. 25, 2018) ............................................... 6, 8

*Tijero v. Aaron Brothers, Inc.*,
    301 F.R.D. 314 (N.D. Cal. 2013) ............................................................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ..................................................................................................... 5

*Williams v. Costco Wholesale Corp.*,
    No. 02-cv-2003 IEG (AJB), 2010 WL 761122 (S.D. Cal. Mar. 4, 2010) .............................. 5

Statutes

28 U.S.C.
    § 1715 ......................................................................................................................................... 9

Cal. Bus. & Prof. Code
    § 17200 ....................................................................................................................................... 2

Cal. Bus. & Prof. Code
    §17500 ........................................................................................................................................ 2

Cal. Civil Code
    § 1750 ......................................................................................................................................... 2

Cal. Com. Code
    § 2313 ......................................................................................................................................... 2

Rules

Fed. R. Civ. P. 23(a) ........................................................................................................................ 9

Fed. R. Civ. P. 23(b)(2) ................................................................................................................... 9

Fed. R. Civ. P. 23(e) ...................................................................................................................... 10

Treatises

Cal. Prac. Guide *Fed. Civ. Pro. Before Trial* ................................................................................ 8

NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002) .......................................................... 5

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on September 2, 2021 at 1:30 p.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Edward M. Chen, Plaintiff David Ambrose ("Plaintiff") will, and hereby does, respectfully apply to this Court for entry of an order:

1. Preliminarily approving the settlement agreement reached between Plaintiff and The Kroger Co. ("Settlement"), attached as Exhibit 1 to the Declaration of Mark N. Todzo in Support of Plaintiff's Motion for Preliminary Approval;

2. Conditionally certifying a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2) for settlement purposes comprised of individuals who purchased Kroger Simple Truth Brand disposable plates, bowls and platters advertised, marketed and sold as compostable in California between June 16, 2016 and the Effective Date;[1] and

4. Scheduling a hearing for final approval of the Settlement.

This motion is made on the grounds that the Settlement is the product of arm's-length, good-faith negotiations, and is fair, reasonable and adequate to the Class.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Mark N. Todzo and exhibits attached thereto, the other papers on file in this action, and such other submissions or arguments that may be presented before or at the hearing on this motion.

---

[1] As defined in the Settlement, §I.I.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff David Ambrose, on behalf of the proposed Settlement Class (defined herein), ("Plaintiff") requests that the Court grant preliminary approval of the Stipulation of Settlement ("Settlement") reached with Defendant The Kroger Co. ("Kroger" or "Defendant"), attached as Exhibit 1 to the Declaration of Mark N. Todzo submitted herewith.  The Settlement resolves Plaintiff's claims for injunctive relief concerning Kroger's allegedly false and misleading labeling of its Simple Truth Brand disposable plates, bowls and platters ("Challenged Products") as "compostable." The Settlement resolves Plaintiff's injunctive claims under California consumer protection statutes alleging that the Challenged Products were advertised, marketed, labeled, and sold as compostable when, in fact, they are not.

The Settlement is fair, reasonable, and adequate, falling well within the range of class action settlements that merit preliminary approval.  The Settlement provides injunctive relief that fully remedies the alleged false representation at the heart of the case.  Specifically, Defendant must remove all representations that the Challenged Products are "100% Compostable" and/or compostable from labels, advertising, marketing materials, and packaging for such products.  The Settlement does not release any claims for monetary relief by absent class members.  Thus, the Settlement provides substantial injunctive relief for the benefit of the absent class and the public, but does not impair the rights of absent class members with regard to any possible claims for monetary relief.  Accordingly, Plaintiff requests that the Court: (1) preliminarily approve the Settlement; and (2) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable and adequate and should be finally approved.

## BACKGROUND

### I.     FACTUAL BACKGROUND

Defendant Kroger is a manufacturer, seller and distributor of Simple Truth brand disposable plates, bowls, and platters labeled as compostable, which were sold to thousands of

consumers in California.  Plaintiffs allege that Kroger labels, markets, and advertises the Challenged Products as compostable even though they are not.  Specifically, Plaintiff alleges that the Challenged Products are not compostable because they contain PFAS that do not break down over time into usable compost, therefore precluding the Challenged Products from being compostable.  Accordingly, one of the central objectives of the case is to prohibit Kroger from marketing, advertising and/or labeling the Challenged Products as compostable unless such products are reformulated to remove the PFAS.

Kroger denies both that the Challenged Products contain PFAS and contends that even if they do contain PFAS, that does not prohibit them from being compostable.

## II.  PROCEDURAL HISTORY

### A.  The Litigation.

On June 16, 2020, Plaintiff Ambrose filed a complaint in the United States District Court for the Norther District of California.  ECF No. 1.  Ambrose alleges claims under California consumer protection statutes for injunctive and monetary relief on behalf of a class of similarly situated consumers who purchased certain Kroger Simple Truth disposable plates and bowls based on purported representations that such products were "compostable" when they allegedly contained PFAS, which are "forever chemicals" that do not degrade and contaminate the compost stream.  *Id.*  The complaint alleges that Kroger's conduct, as described above, violated: (1) the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) the California Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq.*; (3) the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides"), Cal. Bus. & Prof. Code §17500 *et seq.*, and (4) the express-warranty provisions of California's Commercial Code, Cal. Com. Code § 2313.  On August 31, 2020, Kroger answered the complaint. ECF No. 13.

### B.  Settlement Negotiations.

On March 23, 2021, the Parties and their counsel participated in a mediation with Hon. Carl West (Ret.).  *See* Declaration of Mark N. Todzo ("Todzo Decl.") ¶ 5.  Prior to the mediation,

1  Kroger provided Plaintiffs with confidential information regarding its California sales of the
2  Challenged Products and the Challenged Products labeling during the class period.  *Id.*  These data
3  disclosed that sales of the Challenged Products in California were significantly lower than Plaintiff
4  had anticipated.  In advance of the mediation Plaintiff provided Settling Defendant with test data
5  supporting his claims.  At the mediation, the Parties reached an agreement in principle to resolve
6  this litigation.  *Id.*
7  Over the past several months, the Parties have negotiated the detailed terms of the
8  settlement.  On July 26, 2021, the Parties signed the Settlement.

**III.     THE PROPOSED SETTLEMENT**

The Settlement cures the alleged misrepresentation at the center of this case.  It requires Kroger to modify all its labels, advertising and marketing of the Challenged Products to remove the words "100% compostable" or "compostable."  Settlement, §III.A.  Kroger also agrees to comply with all federal and state laws related to the presence of PFAS chemicals in products identified as compostable.  *Id.*, §III.B.

In exchange for these changes in business practices, Kroger will receive a release of claims for injunctive relief by Plaintiff and the Class arising out of Kroger's use of the words "100% compostable" or "compostable" in connection with the Challenged Products.  *Id.*, §VII.D. The Settlement does not release any claims for monetary relief by absent class members.  *Ibid.*

**A.     Benefit to Plaintiff and the Class**

The Settlement provides benefits to Plaintiff, the Class by requiring the removal of the allegedly unlawful language that the Challenged Products are "100% compostable" or "compostable."  *Id.*, §III.A.  In modifying the marketing, advertising of the Challenged Products, Kroger will cure any future injury to Plaintiff, the Class and future purchasers of the Challenged Products.

**B.     Release of Plaintiff's Claims.**

In exchange for Kroger's agreement to modify its labels, the Settlement releases Kroger from all claims for injunctive relief relating to violation of UCL, FAL, Green Guides, CLRA, and

the express-warranty provisions of the California Commercial Code (or other similar state or federal laws), arising out Kroger's use of the words "100% compostable" or "compostable" in connection with the Challenged Products. *Id.*, §III.

### C. Certification of the Class for Settlement Purposes.

For purposes of the Settlement only, the Parties agree to certification of a Settlement Class. *Id.*, §II. This Settlement class is comprised of all current and former purchasers of the Challenged Products in California who purchased the Challenged Products during the Class period (June 16, 2016 to the Effective Date). *Id.,* §I.B.

### D. Payment of Plaintiff's Reasonable Attorneys' Fees and Litigation Costs, and Service Awards to the Plaintiff.

The Settlement authorizes Class Counsel to seek to recover a portion of their attorneys' fees and costs incurred in the prosecution of this action. Following the Court's preliminary approval of the Settlement, Class Counsel will submit an application to the Court for an award of attorneys' fees and expenses not to exceed $200,000.00. *Id.*, §IV.A. Class Counsel's application for attorneys' fees and expenses will be made in accordance with the CLRA and Cal. Code of Civil Procedure §1021.5. Any award of fees and expenses approved by the Court will be paid within thirty days after entry of judgment following final approval of the Settlement. *Id.*

At the same time as moving for attorneys' fees and costs, Class Counsel will seek reasonable service award payments for the named Plaintiff for his services as class representative. The amount of this award is not to exceed $5,000. *Id.*, §IV.B, *see also* Todzo Decl. ¶ 10.

The total award for attorneys' fees and expenses of up to $200,000 is fair and reasonable in light of the fact that it is less than counsels' lodestar and counsel is obtaining a significant benefit in the form of curative injunctive relief. Todzo Decl. ¶ 9.

## ARGUMENT

### I. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT.

The Settlement is fair, reasonable and adequate. The Settlement provides substantial benefits to the Settlement Class by ensuring that Kroger no longer markets, advertises or sells the

Challenged Products as "compostable."  The Settlement accomplishes this while avoiding both the uncertainty and the delay that would be associated with further litigation.  It represents a fair compromise of the Parties' respective positions in the litigation, and enables each party to end the litigation, thus avoiding its costs and risks.  Finally, the Settlement was reached through arm's length negotiations as part of a supervised mediation process.  Class Counsel, which has significant experience in litigating class actions, supports the resulting Settlement as fair and as providing reasonable and substantial relief to the members of the Class. Todzo Decl. ¶ 11.

### A. The Applicable Legal Standard.

Rule 23(e) requires court approval of any settlement of claims brought on a class basis.  A proposed settlement may be approved by the court if it is determined to be "fundamentally fair, adequate, and reasonable."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)).  "[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits …" *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *Rael v. Children's Place, Inc.,* No. 3:16-CV-00370-GPC-LL, 2020 WL 434482, at *10 (S.D. Cal. Jan. 28, 2020); *see also Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).

Given that the full fairness and adequacy of a class settlement can only be assessed at the final approval hearing, at the preliminary approval stage the Court "need only review the Parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval' and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate."  *Williams v. Costco Wholesale Corp*., No. 02-cv-2003 IEG (AJB), 2010 WL 761122, at *5 (S.D. Cal. Mar. 4, 2010) (citing William B. Rubenstein, et al., NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002) (citations omitted)).

Preliminary approval of a settlement is appropriate: "[i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . ." *In re Tableware*

*Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Settlement meets all of the above criteria.

### B. This Settlement Is the Product of Serious, Informed and Arm's-Length Negotiations.

Arm's-length negotiations conducted by competent counsel after meaningful discovery constitute prima facie evidence of a fair settlement. *Natl. Rural Telecomm. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 528 (C.D. Cal. 2004). The Parties' negotiations here were made in good-faith and at arm's length. *See* Todzo Decl. ¶ 8. Class Counsel have considerable experience in class action litigation in general, and with the legal and factual issues of this case in particular. *Id*. Moreover, the fact that the Settlement was reached only after participation in a formal mediation with Judge Carl West (Ret.) also weighs in favor of granting preliminary approval. *See Glass v. UBS Fin. Servs., Inc.*, No. 06–4068, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007).

Furthermore, Plaintiff obtained vital information both in discovery and from Kroger pertaining to the legitimacy and scope of his claims, including information regarding the Challenged Products' labels and sales. Todzo Decl. ¶ 5. In addition, Plaintiff provided Settling Defendant with his test data demonstrating the strength of his claims. *Id.* This exchange of information ensured sophisticated and meaningful settlement negotiations, which were conducted over several months. *Id*. In short, the Parties were fully informed of all relevant facts at the time the Settlement was reached.

### C. The Settlement Has No "Obvious Deficiencies" and Treats No Members of the Class Preferentially.

The Settlement is fair and treats Class members equitably. All Class members will receive the benefit of the injunctive relief provided by the Settlement, and no Class member will relinquish their right to seek monetary relief based on claims at issue in the Action.

The Settlement does not provide for notice to the Class, but notice is not required or necessary. In a Rule 23(b)(2) injunctive relief only class action settlement, "federal courts across the country have uniformly held that notice is not required." *Stathakos v. Columbia Sportswear Co*. 2018 U.S. Dist. LEXIS 17138, at *8 (N.D. Cal. Jan. 25, 2018). *See also, e.g.*, *Penland v.*

1  *Warren Cty. Jail*, 797 F.2d 332,334 (6th Cir. 1986), *DL v. District of Columbia*, 302 F.R.D. 1, 17
2  (D.D.C. 2013) *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214 CM, 2012 U.S. Dist. LEXIS
3  90289, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012), *Green v. Am. Express Co.*, 200
4  F.R.D. 211, 212-13 (S.D.N.Y. 2001), *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. 1986).
5  Class notice is not required for a Rule 23(b)(2) action, as the outcomes of these settlements "do
6  not truly bind class members." *Lilly v. Jamba Juice Co.*, 2015 U.S. Dist. LEXIS 34498, at *24
7  (N.D. Cal. Mar. 18, 2015).

8      Here, class members retain their rights to sue for damages of the challenged practice, and
9  this Settlement provides more than adequate injunctive relief.  In addition, "even if notified of the
10 settlement, the settlement class would not have the right to opt out from the injunctive settlement
11 and the settlement does not release the monetary claims of class members." *Id.* at 25-26.
12 Accordingly, because the terms of the Settlement provide for injunctive relief only and preserve
13 the rights of the class to bring claims for monetary relief, class notice is not required.

14     While Plaintiff believes that he could establish liability and recover damages on a class-
15 wide basis were the case to go to trial, any such recovery would be limited by the small California
16 sales of the Challenged Products and correspondingly small amount of damages.  Yet, Plaintiff
17 would face the same risks as if damages were far more significant.  For example, the legal issues
18 regarding allegedly false "compostable" representations on consumer products due to the use of
19 PFAS are novel and have not been litigated.  Todzo Decl. ¶ 7.  By settling now, Class members
20 are secured immediate injunctive relief requiring removal of the challenged representations while
21 preserving the rights of Class members to bring claims for monetary relief.

22     **D.**     **The Settlement Falls Within the Range of Possible Approval.**

23     The substance of the Settlement falls well within the bounds of reasonableness.  The
24 injunctive relief afforded by the Settlement eliminates the false claim at the heart of this litigation.
25 Yet, the Settlement does not limit the rights of any other individual to bring a class action for
26 damages against Kroger.  The Settlement is thus similar to other settlements approved in this
27 district under Rule 23(b)(2).  *See, e.g.*, *Lilly v. Jamba Juice Co.,* 2015 U.S. LEXIS 58451 (N.D.
28

1 Cal. May 1, 2015) (approving injunctive relief-only class action settlement requiring Defendants to relabel Challenged Products so that they do not describe the products as "all natural"); *Stathakos*, 2018 U.S. Dist. LEXIS 17138 (approving injunctive relief-only 23(b)(2) class action settlement requiring Defendant to include a label on price tags regarding comparative prices).

Furthermore, the attorneys' fees and litigation costs award sought by Plaintiffs, which will be subject to further review by this Court at the final settlement approval stage, is well within the range of possible approval under California law.  Indeed, the attorneys' fees award sought by Plaintiff is less than Class Counsel's lodestar.  *See* Todzo Decl. ¶ 9.  Accordingly, the award is reasonable under the applicable law.  *See, e.g.*, *Relente v. Viator, Inc.*, No. 12-CV-05868-JD, 2015 WL 3613713, at *1 (N.D. Cal. June 9, 2015) (attorney fee award pursuant to class action settlement must be calculated using lodestar method where plaintiffs' claims were based on California law).  For all of these reasons, preliminary approval of the settlement should be granted.

## II. PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.

For settlement purposes only, the Parties request that the Court certify a Class as follows:

> all current and former purchasers of the Products in California who purchased the Products during the Class Period.  Excluded from the Class are the judge to whom this case is assigned, any member of the judge's immediate family, and the judge's staff and their immediate families. [2]

Settlement, §§I.C. and II.A.  Where parties consent to certification of a class for settlement purposes, the court may enter an order provisionally certifying a settlement-only class.  *See generally* The Rutter Group, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (2012), Ch. 10-C at § 10:787 (noting that courts generally permit parties to stipulate that a defined class be conditionally certified for settlement purposes because it facilitates settlement); *see also Tijero v. Aaron Brothers, Inc.,* 301 F.R.D. 314, 320 (N.D. Cal. 2013).

To merit class certification under Rule 23, Plaintiffs must show that the proposed class meets each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b).  *Ellis*

---

[2] This is the same defined Class as set forth in Plaintiff's Complaint. ECF No. 1.

*v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).  Rule 23(a) provides that a district court may certify a class if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Moreover, a class may be certified under Rule 23(b)(2) if the Court finds that "…the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

The Settlement Class meets the requirements for certification under Rule 23(a).  Todzo Decl. ¶ 6.  Specifically, (1) the numerosity prong is satisfied because Kroger sold the Challenged Products to a few thousand California consumers; (2) the commonality prong is met because several common legal and factual questions define this lawsuit, such as whether the Challenged Products were sold, labeled or represented as "compostable"; (3) Plaintiff's claims are "typical" of the class as he purchased the Challenged Products and thus claims injury from the same course of conduct and is undoubtedly a member of the class he wishes to represent; and (4) the adequacy prong is satisfied because Class Counsel have extensive experience in class actions and the named Plaintiff shares common issues with those of the unnamed class.  *Id*.

Additionally, the injunctive relief required under the Settlement—removal of the representations regarding compostability of the Challenged Products—is appropriate for the Class as a whole. Thus, the Settlement Class should be certified under Rule 23(b)(2).

**III.  SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.**

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make the settlement evaluation. Proponents of the settlement may explain the terms and conditions of the settlement and offer argument in support of final approval.  Defendant will provide notice to appropriate state and federal officials as set forth in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 and provide confirmation of such notice as well as any responses thereto at the final approval hearing.

The Court will determine at the final approval hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e).  Because there is no notice required here, Plaintiff requests that the Court set a date for the final fairness hearing approximately thirty (30) days after entry of the Preliminary Approval Order.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval to the proposed Settlement, provisionally certify the proposed Settlement Class and schedule a formal fairness hearing on final settlement approval approximately 30 days after entry of the Preliminary Approval Order.

DATED: July 29, 2021                    Respectfully submitted,

LEXINGTON LAW GROUP


By:   /s/ Mark N. Todzo
      Mark N. Todzo
      Attorneys for Plaintiff DAVID AMBROSE, on
      Behalf of Himself and All Others Similarly
      Situated