UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AMBROSE,<br><br>   Plaintiff,<br><br>  v.<br><br>THE KROGER CO.,<br><br>   Defendant. | Case No. 20-cv-04009-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Docket No. 43 |

  WHEREAS, the Plaintiff David Ambrose, on behalf of himself and all others similarly situated ("Plaintiff") and Defendant The Kroger Co. ("Settling Defendant"), (collectively, the "Parties") in the above-entitled Action have entered into a Stipulation of Settlement, filed July 29, 2021 (the "Stipulation")[1], after arms-length settlement discussions conducted in good faith and with the assistance of an experienced mediator, Carl West;

  WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

  WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation; and

  WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

NOW, THEREFORE, IT IS HEREBY ORDERED:

A.     The Settlement Class Is Conditionally Certified

1. Pursuant to Federal Rule of Civil Procedure 23(b)(2), and for settlement purposes only, the Court hereby certifies the following Class:

> all current and former purchasers of the Products in California who purchased the Products during the Class Period. Excluded from the Class are the judge to whom this case is assigned, any member of the judge's immediate family, and the judge's staff and their immediate families.

2. With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(2) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; and (e) that Settling Defendant has acted or refused to act in a manner that applies generally to the whole class such that injunctive relief is appropriate to the Class as a whole.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiff in the Action – *i.e.*, David Ambrose – as the class representative.

4. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Mark N. Todzo and the Lexington Law Group as Class Counsel.

B.     The Stipulation Is Preliminarily Approved and Schedule for Final Approval Hearing Set

5. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold the hearing on final approval on **September 30, 2021, at 1:30 p.m.**, in the Courtroom of the Honorable Edward M. Chen, United States District Court for the Northern District of California, San

1  Francisco Courthouse, Courtroom 5 - 17th Floor, 450 Golden Gate Ave, San Francisco, CA
2  94102, for the following purposes:
3      (a)    finally determining whether the Class meets all applicable requirements of
4  Federal Rule of Civil Procedure 23(a) and (b)(2) and, thus, the Class should be certified pursuant
5  to Federal Rule of Civil Procedure 23(b)(2) for purposes of effectuating the settlement;
6      (b)    determining whether the proposed settlement of the Action on the terms and
7  conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved
8  by the Court;
9      (c)    considering the application of Class Counsel for an award of attorneys' fees
10  and reimbursement of expenses, as provided for under the Stipulation;
11      (d)    considering the applications of Plaintiff for class representative incentive
12  award, as provided for under the Stipulation;
13      (e)    considering whether the Court should enter the [Proposed] Final Settlement
14  Order and Judgment;
15      (f)    considering whether the release of the Released Claims as set forth in the
16  Stipulation should be provided; and
17      (g)    ruling upon such other matters as the Court may deem just and appropriate.
18      8.    The Parties may further modify the Stipulation prior to the Final Approval Hearing
19  so long as such modifications do not materially change the terms of the settlement provided
20  thereunder.
21      9.    All papers in support of the settlement and any application for an award of
22  attorneys' fees and expenses and/or class representative incentive awards must be filed with the
23  Court and served at least seven days prior to the Fairness Hearing.

C. <u>Notice to the Class is Not Required and Requests for Exclusion from the Class are Not Permitted</u>

26      10.    The Court finds that notice to the Class is not required. However, the Court directs
27  Plaintiff's counsel to post the settlement agreement, terms of the settlement, and fees requested on
28  his website, and issue a press release alerting the public to the settlement and the settlement

3

1   documents available on the website.  The Stipulation does not release any claims for monetary
2   relief by absent class members.  Such individuals are therefore not bound by the Stipulation for
3   purposes of Federal Rule of Civil Procedure 23(e)(1)(B).  *See, e.g., Lilly v. Jamba Juice Co.*, 2015
4   U.S. Dist. LEXIS 58451 (N.D. Cal. 2015).

   11.   The Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2) only, so all Class Members shall be bound by all determinations and judgments in the Action concerning the settlement.  No requests for exclusion from the Class are allowed.

   This order disposes of Docket No. 43.

   **IT IS SO ORDERED**.

Dated: September 13, 2021

_____
EDWARD M. CHEN
United States District Judge

4