1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   DAVID AMBROSE,                          Case No. 20-cv-04009-EMC
8                  Plaintiff,
                                            **ORDER APPROVING FINAL**
9        v.                                 **SETTLEMENT AND JUDGMENT;**
                                            **AND GRANTING PLAINTIFF'S**
10  THE KROGER CO.,                         **MOTION FOR ATTORNEYS' FEES**
11                 Defendant.               Docket Nos. 54, 54-1
12
13
14
15       IT IS HEREBY ADJUDGED AND DECREED THAT:

16       1.      On September 2, 2021, this Court held a hearing on Plaintiff's Motion for

17  Preliminary Approval of Class Action Settlement (Docket No. 43). After examining the terms of

18  the stipulated settlement agreement and assessing the fairness, reasonableness and adequacy of the

19  agreement, the Court preliminarily approved the agreement and set the final settlement approval

20  hearing for September 30, 2021. *See* Docket No. 52.

21       2.      This Judgment incorporates by reference the definitions in the Stipulation of

22  Settlement dated July 27, 2021 ("Stipulation"), attached as Exhibit A, and all capitalized terms

23  used herein shall have the same meanings as set forth in the Stipulation unless set forth differently

24  herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully

25  here.

26       3.      The Court has jurisdiction over the subject matter of this action and all Parties to

27  the action, including all Class Members.

28       4.      Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court hereby certifies the

United States District Court
Northern District of California

following Class:

> All current and former purchasers of the Products in California who purchased the Products during the Class Period.  Excluded from the Class are the judge to whom this case is assigned, any member of the judge's immediate family, and the judge's staff and their immediate families.

5.    Pursuant to Federal Rule of Civil Procedure 23(b)(2), all such persons or entities who satisfy the Class definition above are Class Members bound by this Judgment.

6.    For settlement purposes only, the Court finds:

a.    Pursuant to Federal Rule of Civil Procedure 23(a), David Ambrose is a member of the Class, his claims are typical of the Class, and he fairly and adequately protected the interests of the Class throughout the proceedings in the Action.  Accordingly, the Court hereby appoints David Ambrose as the class representative;

b.    The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(2) for certification of the class claims alleged in the Complaint filed by Plaintiff, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; and (e) that Settling Defendant has acted or refused to act in a manner that applies generally to the whole class such that injunctive relief is appropriate to the Class as a whole; and

c.    Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement.  Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

7.    While notice to the Class was not required, Settling Defendant provided notice pursuant to 28 U.S.C. § 1715.  *See* Docket No. 56.  Additionally, the Court directed Plaintiff's Counsel to post the Settlement Agreement, terms of the Settlement, and fees requested on his website, and issue a press release alerting the public to the Settlement and the Settlement documents available on the website.  Counsel complied with the Court's order and as of September 30, 2021, the date of the final settlement approval hearing, nobody has reached out to Counsel regarding the settlement agreement.  Notably, the settlement agreement does not release

2

any claims for monetary relief by non-named class members.

8. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate.

9. Upon the Effective Date, the named Plaintiff and each Class Member shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendant from any and all Released Claims as set forth in the Stipulation. Per the Stipulation of Settlement, "Released Claims" means and includes any and all claims for injunctive relief that were: (1) alleged in the Complaint; and (2) not alleged in the Complaint, to the extent they could have been raised in the Complaint and arise out of or relate to Kroger's marketing, advertising, and labelling of the Products as "100% compostable" or "compostable." Stipulation of Settlement at R, Ex. A. As such, future monetary claims brought by absent class members are not waived as a result of the Stipulation of Settlement.

10. Plaintiff in the Action initiated this lawsuit, acted to protect the Class, and assisted his counsel. His efforts have produced the Stipulation, which was entered into in good faith and provides a fair, reasonable, adequate, and certain result for the Class. Plaintiff is entitled to an incentive award of $5,000. Class Counsel is entitled to reasonable attorneys' fees and expenses, which the Court finds to be $195,000.

11. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

12. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

13. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

14. The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation that are consistent with

this Judgment and do not limit the rights of Class Members under the Stipulation.

15.     Within 21 days after payment of attorneys' fees, the parties should file a Post-Distribution Accounting pursuant to the Northern District's Procedural Guidance for Class Action Settlements.  Notably, the following information should be provided:  the administrative costs, the attorneys' fees and costs, and discuss the benefit conferred on the class.  Counsel should summarize this information in an easy-to-read chart that allows for quick comparisons with other cases.  Additionally, within 21 days after the award of attorneys' fees, the parties should post the Post-Distribution Accounting, including the easy-to-read chart, on the settlement website.  The Court may hold a hearing following the submission of the parties' Post-Distribution Accounting.

16.     The parties are to report back to the Court for a status conference via Zoom on July 26, 2022.

**IT IS SO ORDERED**.

Dated: September 30, 2021

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4